~~SUPREME COURT OF THE STATE OF NEW YORK~~
~~COUNTY OF NEW YORK~~
UNITED STATES DISTRICT COURT OF NEW YORK
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SOUTHWEST MARINE & GENERAL
INSURANCE COMPANY,

           Plaintiff,

-against-

OHIO SECURITY INSURANCE CO. and
NORGUARD INSURANCE CO.

           Defendants.
-----------------------------------------------------------X

~~Index No.:~~

**AMENDED COMPLAINT**

Defendant SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY ("SOUTHWEST MARINE") by its attorneys O'Toole Scrivo LLC, complaining of the Defendants OHIO SECURITY INSURANCE CO. ("OHIO SECURITY") and NORGUARD INSURANCE CO. ("NORGUARD") herein respectfully states as follows:

**PARTIES**

1. Plaintiff SOUTHWEST MARINE is an insurance company authorized to write insurance policies in the State of New York.

2. Upon information and belief, Defendant OHIO SECURITY was and still is an insurance company authorized to write insurance policies in the State of New York.

3. Upon information and belief, Defendant NORGUARD was and still is an insurance company authorized to write insurance policies in the State of New York.

**JURISDICTION AND VENUE**

4. Personal jurisdiction over Defendant OHIO SECURITY is proper pursuant to CPLR §§ 301 and 302.

5. Personal jurisdiction over Defendant NORGUARD is proper pursuant to CPLR §§ 301 and 302.

6. Venue is proper in New York County pursuant to § CPLR 503 in at least one party resides in New York County and Defendants OHIO SECURITY and NORGUARD conduct business within the venue.

7. A justiciable controversy exists between Plaintiff SOUTHWEST MARINE and Defendants OHIO SECURITY and NORGUARD regarding SOUTHWEST MARINE and OHIO SECURITY and NORGUARD's obligations under policies of insurance issued insuring liability for work which is subject of the Underlying Action.

**UNDERLYING ACTION**

8. On or about July 28, 2023, Nilson Requejo Becerra ("Claimant") brought suit in the Supreme Court of the State of New York, Bronx County, Index Number 811519/2023E, against Defendants CUCS 105 Washington LLS ("CUCS"), Center for Urban Community Services ("Community Services") and Penta Restoration Corp. ("Penta") (hereinafter collectively referred to as "**Penta Defendants**") asserting claims for bodily injury sustained as a result of a trip and fall on or about July 17, 2023 (the "**Loss**") ("**Underlying Action**"). See **Exhibit "A"**.

9. In the Underlying Action, the Claimant alleges that on or about July 17, 2023, he sustained certain bodily injuries, while performing work in course of his employment for Cast

Contracting on a construction project located at 105 Washington St. New York (the "**Project**") (the "**Accident**").

10. On or about December 18, 2023, the Penta Defendants brought a Third-Party Complaint against Shore Built Construction Corp. ("**Shore Built**") and Cast Contracting Inc. ("**Cast**") in the Underlying Action. See **Exhibit "B"**.

11. On February 29, 2024, Shore Built filed an Answer to the Third-Party Complaint in the Underlying Action. See **Exhibit "C"**.

12. On April 4, 2024, Cast filed an answer to the Third-party Complaint. See **Exhibit "D"**.

13. SOUTHWEST MARINE retained counsel for its insureds, the Penta Defendants, incurring costs and expenses in defense of the Underlying Action.

**FIRST CAUSE OF ACTION**
**AGAINST DEFENDANT OHIO SECURITY**
**(Contractual Duty to Defend and Indemnify)**

14. Plaintiff SOUTHWEST MARINE, repeats, reiterates and realleges each and every allegation set forth in paragraphs designated as "1" through "13" of this Complaint with the same force and effect as if the same were more fully set forth herein.

15. On or about September 7, 2022, the Penta Defendants entered into a contract with Shore Built for work the Project (the "**Contract**").

16. Under the Contract, Shore Built agreed to procure insurance for the Penta Defendants.

17. Under the Contract, Shore Built agreed to name the Penta Defendants as additional insureds on such insurance.

18. Under the Contract, Shore Built agreed to procure such insurance for the Penta Defendants on a primary and non-contributory basis.

3

19. Without admitting any of the allegations alleged in the Underlying Action, the Accident and injuries sustained by the Claimant were allegedly the result of the acts, omissions, and/or negligence of the Penta Defendants.

20. The Penta Defendants did not contribute to the Accident and the Accident was not a result of any acts, omissions, and/or negligence of Penta Defendants or someone acting on Penta Defendants' behalf.

21. At the time of the Accident in the Underlying Action, Shore Built was insured by OHIO SECURITY, Policy No. BLS (23) 61065822 with effective dates from March 3, 2023 to March 3, 2024, with a $1,000,000/occurrence.

22. At the time of the Accident in the Underlying Action, Shore Built was also insured by OHIO SECURITY Express Policy USO(22) 61065822.

23. The OHIO SECURITY Polices were in effect the date of the Accident.

24. The OHIO SECURITY Policies provide coverage for "bodily injury" that takes place during its policy period and is caused by an accident.

25. The Accident and Underlying Action are covered under the OHIO SECURITY Policies.

26. The Penta Defendants are additional insureds under the OHIO SECURITY Policies and are entitled to a defense and indemnity from OHIO SECURITY in connection with the Accident and the Underlying Action.

27. OHIO SECURITY must provide primary and non-contributory coverage for the Accident and the Underlying Action to the Penta Defendants under the OHIO SECURITY Policies.

4

28. SOUTHWEST MARINE is entitled to a declaration that OHIO SECURITY has a duty to defend and indemnify the Penta Defendants on a primary and noncontributory basis in connection with the Accident and the Underlying Action

29. SOUTHWEST MARINE has no adequate remedy at law.

**SECOND CAUSE OF ACTION**
**AGAINST DEFENDANT NORGUARD**
**(Contractual Duty to Defend and Indemnify)**

30. Plaintiff SOUTHWEST MARINE, repeats, reiterates and realleges each and every allegation set forth in paragraphs designated as "1" through "29" of this Complaint with the same force and effect as if the same were more fully set forth herein.

31. On or about July 18, 2023, Shore Built entered into a sub-contract with Cast for work the Project (the "**Sub-Contract**").

32. Under the Sub-Contract's Rider, Cast agreed to procure ~~insurance for Penta Defendants.~~ additional insured coverage for the benefits of the Contractor, Owner and anyone else the Owner is required to name.

33. ~~Under the Contract, Cast agreed to name the Penta Defendants as additional insureds on such insurance.~~ Under the Sub-contract's Rider, Cast agreed to defend and indemnify and hold harmless at its soles expense, the Contractor and all entities that the Contractor is required to indemnify and hold harmless.

34. Under the Sub-Contract, Cast agreed to procure such insurance for the Penta Defendants on a primary and non-contributory basis.

~~34.~~

35. Without admitting any of the allegations alleged in the Underlying Action, the Accident and injuries sustained by the Claimant were allegedly a result of a "tripping hazard." the result of the acts, omissions, and/or negligence of the Penta Defendants.

36. The Penta Defendants did not contribute to the Accident and the Accident was not a result of any acts, omissions, and/or negligence of Penta Defendants or someone acting on Penta Defendants' behalf.

37. At the time of the Accident in the Underlying Action, Cast was insured by NORGUARD, Policy No. CABP334830.

38. The NORGUARD policy was in effect the date of the Accident.

38.39. This Sub-Contract is considered an "insured contract" pursuant to the definition set forth in the NORGUARD Policy. See NORGUARD Policy Section II- F(9)(f).

39.40. The NORGUARD Policy provides coverage for "bodily injury" that takes place during its policy period and is caused by an accident. See NORGUARD Policy SecionSection II-Liability B(1)(b)(2) in which the Policy states that contractual liability exclusion does not apply to liability for damages "assumed in a contract or agreement that is an 'insured contract', provided the 'bodily injury' or 'property damage' occurs subsequent to the execution of the agreement."

41. The Accident and Underlying Action are covered under the NORGUARD Policy.

40.42. As the allegations set forth in the Underlying Action do not fall within any of the exclusions to coverage as set forth in the New York Policyholder Notice (adequate scaffolding or other protective devices, reasonable and adequate protection to construction, excavation or demolition workers, adequate planking or other protections to workers in elevator shaft ways, hatchways, and stairwells or reasonable and adequate protection to persons in the area of

operating/having equipment with appropriate guards and lighting), the Penta Defendants are entitled to coverage.

41.43.    The Penta Defendants are additional insureds under the NORGUARD Policy and are entitled to defense and indemnity from NORGUARD in connection with the Accident and the Underlying Action.

44.    NORGUARD must provide primary and non-contributory coverage for the Accident and the Underlying Action to the Penta Defendants under the NORGUARD Policy.

42.45.    In the alternative, NORGUARD must provide excess coverage for the Accident and the Underlying Action to the Penta Defendants under the NORGUARD Policy.

43.46.    SOUTHWEST MARINE is entitled to a declaration that NORGUARD has a duty to defend and indemnify the Penta Defendants on a primary and noncontributory basis in connection with the Accident and the Underlying Action

44.47.    SOUTHWEST MARINE has no adequate remedy at law.

**THIRD CAUSE OF ACTION
AGAINST DEFENDANT OHIO SECURITY**
(Violation of New York Insurance Law §3420)

45.48.  Plaintiff SOUTHWEST MARINE, repeats, reiterates and realleges each and every allegation set forth in paragraphs designated as "1" through "44 46 47" of this Complaint with the same force and effect as if the same were more fully set forth herein.

46.49.    By virtue of the OHIO SECURITY Policies, OHIO SECURITY must defend, indemnify and provide insurance coverage to the Penta Defendants in connection with the Accident and Underlying Action.

47.50.   On or about October 19, 2023, SOUTHWEST MARINE tendered the Penta Defendants' defense and indemnity in the Underlying Action to OHIO SECURITY.

48.51.   By correspondence dated August 14, 2024, the tender was reiterated.

49.52.   A third tender was served by letter dated October 22, 2024.

50.53.   A fourth attempt at a tender was served by letter dated July 1, 2025.

51.54.   To date, OHIO SECURITY has failed to respond to the tender requests.

52.55.   Demand was properly made upon OHIO SECURITY for defense, indemnity and insurance coverage for the Penta Defendants under the OHIO SECURITY Policy in connection with the Accident and Underlying Action.

53.56.   OHIO SECURITY failed to timely and properly respond to the Penta Defendants with respect to multiple tenders demanding defense, indemnification, and insurance coverage for the Penta Defendants for the Accident and Underlying Action.

54.57.   OHIO SECURITY failed to timely and properly disclaim coverage to the Penta Defendants under the OHIO SECURITY Policy for the Accident and Underlying Action.

55.58.   As a result of the foregoing violation of New York Insurance Law §3420, OHIO SECURITY is estopped from denying coverage to the Penta Defendants and has waived all potential coverage defenses under the OHIO SECURITY Policy.

56.59.   SOUTHWEST MARINE has been forced to defend the Penta Defendants in the Underlying Action and thus has incurred costs and expenses because of OHIO SECURITY's improper failure to defend and indemnify the Penta Defendants.

57.60.   SOUTHWEST MARINE has no adequate remedy at law.

58.61.   Plaintiff, therefore, respectfully requests that this Court render a declaratory judgment pursuant to CPLR §3001, declaring that OHIO SECURITY must defend, indemnify, and

must reimburse SOUTHWEST MARINE for past costs and expenses incurred as the Penta Defendants as an Additional Insureds under the OHIO SECURITY Policy.

### FOURTH CAUSE OF ACTION
### AGAINST DEFENDANT OHIO SECURITY
### (Breach of Insurance Contract)

59.62. Plaintiff SOUTHWEST MARINE repeats, reiterates and realleges each and every allegation set forth in paragraphs designated as "1" through "5861" of this Complaint with the same force and effect as if the same were more fully set forth herein.

60.63. OHIO SECURITY's failure to defend, indemnify, and provide insurance coverage to the Penta Defendants for the Accident and Underlying Action is a breach of the OHIO SECURITY Policy.

61.64. By virtue and consequence of the aforesaid breach and OHIO SECURITY's failure to defend, indemnify and provide primary and non-contributory insurance coverage to the Penta Defendants for the Accident and the Underlying Accident, SOUTHWEST MARINE has been and continues to damaged.

62.65. By virtue and consequence of the aforesaid breach and OHIO SECURITY's failure to defend, indemnify and provide primary and non-contributory insurance coverage to the Penta Defendants for the Accident and the Underlying Accident, costs and fees have been and will continue to be incurred in connection with defense and indemnity of the Penta Defendants in the Underlying Action.

63.66. By virtue of the above, therefore, a judgement must be entered against OHIO SECURITY for consequential and compensatory damages including not limited to all amounts expended or to be expended in connection with the defense and indemnity of the Penta Defendants

9

in connection with the Accident, Underlying Complaint, as well as defense for SOUTHWEST MARINE in the Underlying Action.

**FIFTH CAUSE OF ACTION**
**AGAINST DEFENDANT NORGUARD**
**(Violation of New York Insurance Law §3420)**

64.67. Plaintiff SOUTHWEST MARINE, repeats, reiterates and realleges each and every allegation set forth in paragraphs designated as "1" through "63656" of this Complaint with the same force and effect as if the same were more fully set forth herein.

65.68. By virtue of the NORGUARD Policy, NORGUARD must defend, indemnify and provide insurance coverage to the Penta Defendants in connection with the Accident and Underlying Action.

66.69. On or about October 19, 2023, SOUTHWEST MARINE tendered the Penta Defendants' defense and indemnity in the Underlying Action to NORGUARD.

67.70. Upon information and belief, NORGUARD denied the Penta Defendants' request for a defense and indemnity.

68.71. On or about August 14, 2023, SOUTHWEST MARINE tendered the Penta Defendants' defense and indemnity in the Underlying Action to NORGUARD.

69.72. Demand was properly made upon NORGUARD for defense, indemnity and insurance coverage for the Penta Defendants under the NORGUARD Policy in connection with the Accident and Underlying Action.

70.73. NORGUARD failed to timely and properly respond to the Penta Defendants with respect to multiple tenders demanding defense, indemnification, and insurance coverage for the Penta Defendants for the Accident and Underlying Action.

74. NORGUARD failed to timely and properly disclaim coverage to the Penta Defendants under the NORGUARD Policy for the Accident and Underlying Action.

75. As a result of the foregoing violation of New York Insurance Law §3420, NORGUARD is estopped from denying coverage to the Penta Defendants and has waived all potential coverage defenses under its Policy.

76. SOUTHWEST MARINE has been forced to defend the Penta Defendants in the Underlying Action and thus has incurred costs and expenses because of NORGUARD's improper failure to defend and indemnify the Penta Defendants.

77. SOUTHWEST MARINE has no adequate remedy at law.

78. Plaintiff, therefore, respectfully requests that this Court render a declaratory judgment pursuant to CPLR §3001, declaring that NORGUARD must defend, indemnify, and must reimburse SOUTHWEST MARINE for past costs and expenses incurred as the Penta Defendants as an Additional Insureds under the NORGUARD Policy.

**SIXTH CAUSE OF ACTION
AGAINST DEFENDANT NORGUARD
(Breach of Insurance Contract)**

79. Plaintiff SOUTHWEST MARINE repeats, reiterates and realleges each and every allegation set forth in paragraphs designated as "1" through "78" of this Complaint with the same force and effect as if the same were more fully set forth herein.

80. NORGUARD's failure to defend, indemnify, and provide insurance coverage to the Penta Defendants for the Accident and Underlying Action is a breach of the NORGUARD Policy.

81. By virtue and consequence of the aforesaid breach and NORGUARD's failure to defend, indemnify and provide primary and non-contributory insurance coverage to the Penta

11

Defendants for the Accident and the Underlying Accident, SOUTHWEST MARINE has been and continues to damaged.

~~79.~~ 82. By virtue and consequence of the aforesaid breach and NORGUARD's failure to defend, indemnify and provide primary and non-contributory insurance coverage to the Penta Defendants for the Accident and the Underlying Accident, costs and fees have been and will continue to be incurred in connection with defense and indemnity of the Penta Defendants in the Underlying Action.

~~80.~~ 83. By virtue of the above, therefore, a judgement must be entered against NORGUARD for consequential and compensatory damages including not limited to all amounts expended or to be expended in connection with the defense and indemnity of the Penta Defendants in connection with the Accident, Underlying Complaint, as well as defense for SOUTHWEST MARINE in the Underlying Action.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff SOUTHWEST MARINE respectfully request that Court enter a judgement as follows:

A. Declaring that the OHIO SECURITY policy was in full force and effect on the date of the Loss;

B. Declaring that OHIO SECURITY's obligations to defend and indemnify the Penta Defendants is primary and exclusive;

C. Declaring that OHIO SECURITY is required to reimburse SOUTHWEST MARINE and the Penta Defendants for the costs of defending the Penta Defendants;

D. That by failing to respond to the Penta Defendants' tender for indemnification and defense in a timely manner, OHIO SECURITY is estopped from denying insurance coverage;

E. Declaring that the NORGUARD policy was in full force and effect on the date of the Loss;

F. Declaring that NORGUARD's obligations to defend and indemnify the Penta Defendants is primary and exclusive;

G. Declaring that NORGUARD is required to reimburse SOUTHWEST MARINE and the Penta Defendants for the costs of defending the Penta Defendants;

~~H.~~ That by failing to respond to the Penta Defendants' tender for indemnification and defense in a timely manner, NORGUARD is estopped from denying insurance coverage;

~~I.~~ I. Granting such other and further relief as the Court may deem just and proper.

~~J.~~

Dated: Cedar Grove, New Jersey
        ~~August 29, 2025~~October 30, 2025

13

**O'TOOLE SCRIVO LLC**
*Attorneys for Defendant Southwest Marine & General Insurance Company*

By: */s/ Steven A. Weiner*
      Steven A. Weiner
      Amy E. Robinson
      Deena M. Crimaldi