UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

SOUTHWEST MARINE & GENERAL INSURANCE COMPANY,

Plaintiff,

-v-

OHIO SECURITY INSURANCE CO. and NORGUARD INSURANCE COMPANY,

Defendants.

------------------------------------------------------------------X

25-CV-08194 (JAV)

ORDER

JEANNETTE A. VARGAS, United States District Judge:

Pursuant to Section 8(d) of the Court's Individual Rules and Practices in Civil Cases and paragraph 8 of the Case Management Plan entered in this matter, ECF No. 32, the parties were required to file a post-fact discovery joint status letter by August 7, 2026. On August 11, 2026, Plaintiff's counsel at the time submitted a letter requesting a one-week extension of the deadline to submit the post-fact discovery joint status letter because Plaintiff's counsel at the time was "asked to transfer the file to new counsel, Shane Heskin, Esq., who [would] be substituted as counsel" within a few days. ECF No. 41.

On August 11, 2026, prior to the filing of a consent order granting substitution of attorney and a notice of appearance, Mr. Heskin filed a joint letter proposing a schedule for summary judgment briefing in this action, without providing the Court with the required joint status letter updating the Court on the status of the case as required by Section 8(d) of the Court's Individual Rules and Practices in Civil Cases and paragraph 8 of the Case Management Plan (ECF No. 32). ECF No. 42. On August 12, 2026, Mr. Heskin filed the aforementioned proposed consent order granting substitution of attorney, ECF No. 43, and a notice of appearance, ECF No. 44.

The Court declines to enter the Consent Order Granting Substitution of Attorney substituting Shane Heskin as counsel of record for Plaintiff Southwest Marine and General Insurance Co., in place of Amy E. Robinson, Deena Crimaldi, Steven Weiner of the law firm, O'Toole Scrivo, LLC. Per S.D.N.Y. Local Rule 1.4(b), "a motion to withdraw is required whenever an attorney seeks to be relieved." A supporting affidavit is unnecessary where the withdrawing attorney submits a stipulation of substitution signed by the client, but only where "at the time of substitution, the new attorney does not intend to seek modification of any existing deadlines or dates for court appearances in the case." *Id.* In the present case, counsel did not file the required letter motion. Moreover, because counsel seeks a modification of the existing

deadlines, an affidavit in support of that motion will also be required.

**Accordingly, Counsel should file** the appropriate letter-motion pursuant to S.D.N.Y. Local Rule 1.4(b) to withdraw from this case with a supporting affidavit. Counsel is reminded that "all motions to withdraw must be served upon the client and (unless excused by the court) upon all other parties." Id. "Proof of such service upon the client shall be filed on the docket in each case where withdrawal is sought." Id.

The parties are **ORDERED** to submit a joint status letter conforming to the requirements as set forth in Section 8(d) of the Court's Individual Rules and Practices in Civil Cases and paragraph 8 of the Case Management Plan, ECF No. 32, and propose a revised schedule for summary judgment briefing in this action by **September 1, 2026**.

SO ORDERED.

Dated: August 24, 2026
New York, New York

Jeannette Vargas

JEANNETTE A. VARGAS
United States District Judge